**Opinion issued July 21, 2026.**



In the

# Court of Appeals

for the

# First District of Texas

———————————

## NO. 01-22-00907-CV

———————————

**ALTHEA MARIE SPENCER WILLIAMS, Appellant**

**v.**

**JOHNELL LAKARA HICKMAN, Appellee**

---

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-56003**

---

## MEMORANDUM OPINION

Appellant Althea Marie Spencer Williams appeals from the trial court's final

order removing her as sole managing conservator of her grandson, Logan,[1]

---

[1]   To protect the identity of the child, we refer to him by a fictitious name. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

terminating her rights and duties with respect to Logan, and eliminating her periods of possession of and access to Logan. In that order, the trial court appointed Logan's mother, appellee Johnell Lakara Hickman, as sole managing conservator.

Williams first complains that the trial court's final order does not conform to the relief requested by Hickman in her live pleading. Next, in two issues, Williams contends that the trial court abused its discretion by modifying prior orders establishing conservatorship, possession, and access without sufficient evidence of a material and substantial change of circumstances or of the child's best interest. Lastly, Williams contends that the trial court abused its discretion by refusing to award her attorney's fees.

Because Williams failed to preserve her first issue for our review, we do not address it. With regard to Williams's complaints that the trial court's findings in support of its modification order are not supported by legally and factually sufficient evidence, we conclude that the trial court had sufficient evidence on which to exercise its discretion and did not err in its application of that discretion. As to Williams's request for attorney's fees, because the Texas Family Code does not mandate that the trial court award either party her attorney's fees, we overrule Williams's final issue.

## Background

This is a custody dispute between the child's mother, Hickman, and the child's maternal grandmother, Williams. In 2014, shortly after Logan's birth, Hickman went to prison, and Logan began living with Williams. After Hickman's release, Williams attempted to reunite Hickman and Logan. Those attempts were unsuccessful, and Williams petitioned for—and was awarded—sole managing conservatorship of Logan in a suit affecting the parent-child relationship. In its final order, rendered in August 2019, the trial court appointed Hickman and Logan's father, Londun Mourning, possessory conservators and granted Hickman the right to supervised visits with Logan. On March 9, 2020, the trial court modified its prior order, changing the time and frequency of Hickman's supervised visits with Logan. The trial court left unchanged its appointment of Williams as Logan's sole managing conservator.

On May 29, 2021, Hickman petitioned the trial court to modify its prior custody and possession orders to, among other things, remove Williams as sole managing conservator and appoint Hickman and Mourning joint managing conservators. On September 27, 2022, after a one-day trial, the trial court rendered an order that partially granted Hickman's requested modifications, removed Williams as sole managing conservator, and eliminated Williams's rights of

possession and access (the Modification Order). Williams timely filed a notice of appeal.

## Unrequested Relief

In her first issue, Williams complains that the Modification Order does not conform to the pleadings and exceeds the relief that Hickman requested. Williams contends that Hickman's original petition requested only that the trial court modify the temporary order rendered on May 20, 2020, rather than the last final order, which was rendered on March 9, 2020.

To preserve a complaint for appellate review, the record must show, among other things, that the party timely complained to the trial court and "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a). This rule precludes a party from raising a lack-of-pleading issue for the first time on appeal. *See, e.g.*, *Ennadi v. Ennadi*, No. 01-21-00252-CV, 2023 WL 105109, at *7 (Tex. App.—Houston [1st Dist.] Jan. 5, 2023, pet. denied) (mem. op.) (holding that appellant failed to preserve argument that trial court's order granted appellee unrequested relief); *Sharp v. Jimmerson*, No. 01-20-00360-CV, 2021 WL 3624712, at *2-3 (Tex. App.—Houston [1st Dist.] Aug. 17, 2021, no pet.) (mem. op.) (same). Here, Williams did not complain to the trial court that the Modification Order did

4

not conform to Hickman's pleadings or that the trial court granted relief that Hickman did not request. After the trial court rendered its order, Williams did not raise this complaint in her motion for new trial. Because she failed to complain to the trial court, her complaint is not preserved for our review, and we do not address it.

We overrule Williams's first issue.

## Modification of Conservatorship and Possession Order

In her second and third issues, Williams contends that the trial court abused its discretion in rendering the Modification Order because the evidence was legally and factually insufficient to support modification. A trial court may modify a conservatorship and possession order when two conditions are satisfied: (1) modification "would be in the best interest of the child" and (2) "the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed" since the rendition of the order. TEX. FAM. CODE § 156.101. Williams argues that neither condition is satisfied. She also argues that the trial court, in reaching its decision to modify the conservatorship and possession order, should not have and could not have considered any evidence regarding Williams's ex-husband's alleged sexual abuse of Hickman. When, as here, the trial court does not issue separate findings of fact and conclusions of law, we

5

imply the findings necessary to support the trial court's modification order.[2] *Mauldin v. Clements*, 428 S.W.3d 247, 262 & n.4 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

## A.    Standard of Review

We review a modification order for abuse of discretion. *Smith v. Karanja*, 546 S.W.3d 734, 737 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (citing *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *King v. Lyons*, 457 S.W.3d 122, 126 (Tex. App.—Houston [1st Dist.] 2014, no pet.)). A trial court abuses its discretion when it acts "without reference to any guiding rules or principles," rendering its decision arbitrary and unreasonable. *In re J.J.G.*, 540 S.W.3d 44, 55 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (en banc).

Under an abuse-of-discretion standard, legal and factual insufficiency are relevant factors, not independent grounds of error. *Id*. When, as here, an appellant challenges the legal and factual sufficiency of the evidence to support a decision reviewed for abuse of discretion, we engage in a two-pronged analysis: (1) whether the trial court had sufficient information upon which to exercise its discretion and

---

[2]    The Modification Order states: "The Court finds that the material allegations in the petition to modify are true and that the requested modification is in the best interest of the child." Normally, such a finding has probative value. *See Smith v. Karanja*, 546 S.W.3d 734, 737-39 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (considering factual allegations in petition as trial court's finding where trial court found "material allegations" in petition as true). However, here, Hickman's petition to modify contains no factual allegations.

6

(2) whether the trial court erred in its application of discretion. *Id.*; *see Stamper v. Knox*, 254 S.W.3d 537, 542 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (noting that appellate courts apply "hybrid analysis" to address sufficiency challenges under abuse-of-discretion standard in family law cases).

Under the first prong, we apply the applicable sufficiency review. *Stamper*, 254 S.W.3d at 542. In conducting a legal-sufficiency review, we must view evidence in the light that tends to support the finding of the disputed fact and must disregard all evidence and inferences to the contrary. *J.J.G.*, 540 S.W.3d at 55. If the evidence would enable reasonable and fair-minded people to differ in their conclusions, then the fact-finder must be allowed to do so. *Id.* at 56 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). When reviewing the evidence for factual sufficiency, we consider all the evidence for and against the challenged finding and set it aside only if the evidence is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Townsend v. Vasquez*, 569 S.W.3d 796, 807 (Tex. App.—Houston [1st Dist.] 2018, pet. denied); *Mauldin*, 428 S.W.3d at 268 (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam)).

In a bench trial, the trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Townsend*, 569 S.W.3d at 807-08. We may not substitute our judgment for that of the trial court. *Id.* at 807.

**B.     Material and Substantial Change of Circumstances**

As a prerequisite to modifying a conservatorship order, there must have been a material and substantial change of circumstances of the child, a conservator, or other party affected by the order. TEX. FAM. CODE § 156.101. The changed-circumstances requirement is designed to prevent "constant re-litigation with respect to children." *Smith*, 546 S.W.3d at 738. A circumstance sufficiently contemplated at the time of the original order is "not a changed circumstance" but "an anticipated circumstance," which "cannot be evidence of a material or substantial change of circumstances." *Id.* at 740. Relatedly, a party's bad acts that predate the original order cannot serve as grounds for modification except to prove a continuing course of conduct. *C.B. v. Tex. Dep't of Fam. & Protective Servs.*, 440 S.W.3d 756, 766 (Tex. App.—El Paso 2013, no pet.); *see In re M.O.S.*, No. 04-24-00767-CV, 2026 WL 293342, at *2 (Tex. App.—San Antonio Feb. 4, 2026, no pet.) (mem. op.) (citing cases).

To prove that a material and substantial change of circumstances has occurred, the evidence must show the conditions that existed at the time of the prior order compared to the circumstances existing at the time of the hearing on the petition to modify. *Nellis v. Haynie*, 596 S.W.3d 920, 926 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (citing cases); *In re A.L.E.*, 279 S.W.3d 424, 429 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (quoting *Zeifman v. Michels*, 212 S.W.3d 582,

589 (Tex. App.—Austin 2006, pet. denied)). In the Modification Order, which gave rise to this appeal, the trial court modified the prior conservatorship and possession order rendered in March 2020.[3] Accordingly, we examine the conditions as they existed in March 2020 through the time of trial. *Nellis*, 596 S.W.3d at 926.

The changed-circumstances requirement exists, in part, to promote the state's public policy favoring stability in the child's home. *Epps v. Deboise*, 537 S.W.3d 238, 243 (Tex. App.—Houston [1st Dist.] 2017, no pet.). For example, when a father, during his month of possession, passes the child "from family member to family member, with possession resting with the child's mother as many as five days per week for about six hours per day," the trial court does not err by finding a change of circumstances and rendering a modification order with a possession schedule that "conforms more nearly to what the parents had been doing than does the original decree." *Randle v. Randle*, 700 S.W.2d 314, 316-17 (Tex. App.—Houston [1st Dist.] 1985, no writ). Similarly, an intervening temporary order that changes conservatorship may itself be a material and substantial change of circumstances that justifies making that temporary order permanent. *See Thibodeaux v. Forse*, 592 S.W.2d 663, 664-65 (Tex. App.—Beaumont 1979, writ ref'd n.r.e.) (holding that there was a "change in conditions" that justified appointing father as managing

---

[3]     In the Modification Order, the trial court refers to a "March 9, 2019" order. There is no such order rendered on that date, and the record makes clear that the last modification order was rendered on March 9, 2020.

9

conservator over mother based, in part, on fact that children had been living with father under temporary order). At bottom, the question of whether a material and substantial change of circumstances has occurred "is fact specific and must be made according to the circumstances as they arise." *Arredondo v. Betancourt*, 383 S.W.3d 730, 734 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *A.L.E.*, 279 S.W.3d at 428).

At the time of the prior order, Logan lived with Williams. On July 9, 2021, while Logan was playing outside Williams's home in Robertson County, Texas, with his cousins, Hickman took Logan from Williams's home. Hickman acknowledged that she did not have the right to take Logan. She testified that she took Logan because Williams "slapped him in his face." Hickman further testified that her younger sister had called her while crying and said that Williams "slapped [Logan] in his face for not saying, 'yes, ma'am.'"

Shortly before taking Logan, Hickman had filed a petition to modify the prior conservatorship and possession order as well as a motion to transfer the proceedings to Harris County.[4] On August 30, 2021, after Hickman had taken Logan, the trial court held a hearing on Hickman's motion to transfer, granted that motion, and *sua*

---

[4]    The suit was originally pending in Brazos County prior to being transferred to Harris County on Hickman's motion, which the trial court granted. Brazos County abuts Robertson County, where Williams resides. It is not clear from the record why the suit was originally pending in Brazos County.

10

*sponte* issued an emergency temporary order that appointed Williams and Hickman joint managing conservators with Hickman possessing the exclusive right to determine Logan's primary residence. *See* TEX. FAM. CODE § 155.005(a) (permitting transferor court to render temporary orders pending transfer). Because the trial court rendered the order *sua sponte* without any separate fact findings, its bases for the order are not clear. However, at that August 30, 2021 hearing, the trial court heard the testimony of Queswanna Wilson, a Harris County-based CPS caseworker. She testified that she investigated allegations of physical abuse against Williams after Logan made an outcry that he is "inappropriately disciplined" and that "his cousin is hit harder than him where it makes him cry all night and he's intimidated by his grandmother." According to Wilson, Logan reported that Williams slapped him in the face with her hand. Wilson testified that she had concerns about Logan living with Williams but that she had no concerns about Logan living with Hickman and recommended that Logan live with Hickman.

At the time of trial on Hickman's petition for modification, Logan had been living with Hickman for more than a year. In an interview with the trial court, Logan said that, although he is "kinda sad" not seeing his grandmother, Williams, he "feel[s] happy living with [his] Mommy," Hickman. With Hickman, Logan is able to live with his siblings. He continues to do well in school.

11

At trial, the trial court admitted into evidence and reviewed a transcript of the August 30, 2021 hearing. During that prior hearing, Logan was also interviewed by the trial court in chambers. Logan stated in the interview that his mother did not trust his grandmother. He told the trial court that he wanted to be with both his mother and grandmother. He also informed the trial court that he had been attending school in Houston, where Hickman lived.

Viewing the evidence in the light most favorable to the trial court's Modification Order, we conclude that the evidence is legally and factually sufficient to support the trial court's finding of a material and substantial change of circumstances. Although we do not condone Hickman's taking of Logan, we cannot ignore that the prior trial court—which did not enter the Modification Order that is the subject of this appeal—issued a temporary order granting Hickman primary custody of Logan and that, at the time of trial, Logan had been living with Hickman continuously for more than a year. Logan's change of home, primary custodian, and school are intervening events that support the trial court's finding of a material and substantial change of circumstances. *See Randle*, 700 S.W.2d at 316-17 (affirming changed-circumstances finding and noting that intervening changes in child's living arrangements, although different from original order, closely conformed to modifications adopted by trial court); *Thibodeaux*, 592 S.W.2d at 664-65 (holding that there was a "change in conditions" that justified appointing father as managing

conservator over mother based, in part, on fact that children had been living with father under temporary order). On this record, the trial court's changed-circumstances finding is not so contrary to the overwhelming weight of the evidence as to be clearly wrong or manifestly unjust. Accordingly, the trial court had sufficient information before it on which to exercise its discretion, and we cannot conclude that the trial court abused that discretion by rendering the Modification Order, which made permanent Hickman's managing conservatorship of Logan and, thus, promoted stability. *See In re A.D.T.*, 588 S.W.3d 312, 321 (Tex. App.—Amarillo 2019, no pet.) (affirming modification order that preserved stability of child's environment).

## C.    Best Interest

Having concluded that legally and factually sufficient evidence supports the trial court's finding of a material and substantial change of circumstances, we next consider whether sufficient evidence supports the trial court's finding that the modifications in conservatorship and possession are in Logan's best interest. To determine the best interest of the child on review of a modification order, we consider the non-exclusive factors set forth in *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976). *In re A.P.L.*, No. 01-23-00725-CV, ___ S.W.3d ___, 2025 WL 2412903, at *8 (Tex. App.—Houston [1st Dist.] Aug. 21, 2025, no pet.) (applying *Holley* factors on review of modification order). Those factors include: (1) the

13

desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by the individuals seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* The trial court is not required to consider every factor and, although no single one is controlling, a single factor may in some instances be sufficient to support a best-interest finding. *Id.*

In an interview with the trial court, Logan said that, although he is "kinda sad" not seeing his grandmother, Williams, he "feel[s] happy living with [his] Mommy," Hickman. With Hickman, Logan is able to live with his siblings, and he has continued to do well in school. In his interviews with the trial court, Logan did not report any abuse or neglect by Hickman. The trial court also heard evidence of Williams and Hickman's dislike for each other. *See id.* at *13 (noting parties' dislike for each other and opposing views on custody and possession as factor in best-interest analysis); *Coburn v. Moreland*, 433 S.W.3d 809, 827 (Tex. App.—Austin 2014, no pet.) (noting, in best-interest analysis, parents' inability to co-parent). Even Logan was aware of their enmity: "I still can't figure out why Mommy and Nana are

14

always mad at each other. I can't. It's too hard. It's, like, one angry Piranha is mad at another angry Piranha." This evidence of Logan's desires and needs, and Hickman's ability to meet them, supports the trial court's best-interest finding.

Williams argues that Hickman's taking Logan without permission and hiding him weighs against a finding that Logan's being with Hickman is in Logan's best interest. However, we must view the evidence in the light most favorable to the trial court's judgment, and the evidence shows that Logan is happy with his mother, Hickman. There is no evidence that she has abused, neglected, or endangered him or that she has failed to provide for him.

Furthermore, in a suit between a parent and nonparent, as here, Texas's public policy favors children having a relationship with their parents: it is the public policy of Texas to "assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child." TEX. FAM. CODE § 153.001; *see id.* § 153.002 (stating rebuttable presumptions in suit between parent and nonparent).[5] That public policy supports the trial court's finding that it is

---

[5] The rebuttable presumption does not apply in the instant suit, which concerns a modification order rather than an original order establishing conservatorship, possession, and access. *In re V.L.K.*, 24 S.W.3d 338, 343 (Tex. 2000); *see In re C.J.C.*, 603 S.W.3d 804, 807-08 (Tex. 2020) ("Thus, we have held that the statutory presumption does not apply in modification proceedings."). However, that statutory provision evidences our state's public policy of ensuring that children have frequent and continuing contact with parents who have shown the ability to act in their best interest. *See, e.g.*, *In re S.L.T.*, No. 11-08-00254-CV, 2010 WL 2314776, at *2 (Tex. App.—Eastland June 10, 2010, no pet.) (relying on public policy in best-interest

in Logan's best interest to be with his mother, Hickman. Additionally, Williams and Hickman's acrimonious relationship supports the trial court's finding that it is *not* in Logan's best interest for both Hickman and Williams to have continuing rights of possession of or access to Logan. *See A.P.L.*, 2025 WL 2412903, at \*13-14 (concluding that trial court did not err in granting father primary custody over mother where parents had acrimonious relationship).

On this record, viewing the evidence in the light most favorable to the trial court's judgment, we conclude that the trial court's best-interest finding is legally and factually sufficient. The trial court's finding is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. Because sufficient evidence supports both the change-of-circumstances and best-interest findings, the trial court had sufficient information upon which to exercise its discretion to modify the prior conservatorship and possession order, and the trial court did not err in its application of that discretion by determining that Hickman was better suited as sole managing conservator and eliminating Williams's rights of possession and access.

We overrule Williams's second and third issues.

---

analysis of modification order); *In re Cooper*, 333 S.W.3d 656, 660 (Tex. App.—Dallas 2009, no pet.) (same).

**Attorney's Fees**

In her final issue, Williams requests that, if we reverse the Modification Order, we award attorney's fees to her against Hickman. In a suit to modify a prior order governing conservatorship, possession, and access, "the court may render judgment for reasonable and necessary attorney's fees, court costs, and expenses and order the judgment and postjudgment interest to be paid directly to an attorney." TEX. FAM. CODE § 106.002(a); *see Tucker v. Thomas*, 419 S.W.3d 292, 296 (Tex. 2013) (noting that section 106.002 applies to all suits affecting parent-child relationship). The trial court's decision to award attorney's fees is discretionary. *Tucker*, 419 S.W.3d at 296. Because we affirm the trial court's final order, the trial court did not abuse its discretion by denying Williams's application for attorney's fees.

We overrule Williams's fourth issue.

**Conclusion**

We affirm the trial court's September 27, 2022 modification order.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Gunn, and Morgan.